IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION

ROBERT JUDGE, et al.,          )
                               )
          Plaintiffs,          )
                               )
     v.                        )     No. 09 C 4174
                               )
LAKE COUNTY METROPOLITAN       )
ENFORCEMENT GROUP (MEG), et al.,)
                               )
          Defendants.          )

                       MEMORANDUM ORDER

   Defendants Larry Lindenman ("Lindenman") and Rod Chesser ("Chesser") have recently sought leave to file an amended affirmative defense based on the assertion that plaintiff Robert Judge ("Judge") had waived his current claim as a matter of law (though their counsel really meant forfeited rather than waived). This Court's oral ruling on July 16, 2010 explained why the impression that Lindenman and Chesser had sought to convey in that respect was misleading and, as this Court viewed it, could not be advanced in the objective good faith demanded by Fed. R. Civ. P. ("Rule") 11(b). For that reason this Court not only denied the motion orally but also ordered defense counsel to show cause pursuant to Rule 11(c)(3), including an explanation of the good faith underpinning for their submission.

   What counsel for Lindenman and Chesser filed in response was labeled their "Reply in Support of Their Motion for Leave To Amend Affirmative Defenses," which sounded as much like a motion for reconsideration as a response to this Court's directive. But

that filing did not play with all the cards in the deck--thus on pages 2 and 3 of their response counsel quoted the allegations of Complaint ¶¶11 through 17 verbatim, stopping short of at least three allegations that if true (as must be assumed for affirmative defense purposes) could serve as the basis for imposing personal liability on Lindenman and Chesser:

> 1. Complaint ¶18, which was admitted by Chesser, alleged that codefendant Lake County Metropolitan Enforcement Group ("MEG") had taken possession of Judge's vehicle at Chesser's direction.
>
> 2. When the seized vehicle began to accumulate fines after it had been taken away from Judge, fines unquestionably incurred as a result of MEG's usage of the vehicle, Complaint ¶25 alleges that Chesser told Judge to pay those fines himself. Again, although Chesser denies that, it must be accepted as true for affirmative defense purposes.
>
> 3. Lindenman has admitted the allegation of Complaint ¶28 that he himself used the vehicle post-seizure.

Despite such problems with the unbidden "Reply," this Court is reluctant to sanction defense counsel or their clients for advancing the effort that they did. Accordingly the debate between the parties as to the already-rejected affirmative

2

defense is at an end.

```
                              _____
                              Milton I. Shadur
                              Senior United States District Judge
```

Date:   August 2, 2010